UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT L. BROWN,

    Plaintiff,

    v.

DAVID PONZOHA,

    Defendant.

Case No. C04-5492RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
APRIL 22nd 2005

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The action is before the court on defendant's motion to dismiss. (Dkt. # 14). Plaintiff has responded. (Dkt. # 15). Defendant has indicated he does not intend to reply. (Dkt. # 16).

## FACTS

    In 2004 plaintiff filed a habeas corpus action in the Walla Walla County Superior Court challenging a 1988 conviction. The court considered the filing as a personal restraint petition and transferred the matter to the Washington State Court of Appeals Division Two. The court clerk, David Ponzoha, filed the action as requested by the Superior Court. Plaintiff allegedly sent a letter to Mr. Ponzoha warning him that plaintiff considered the filing of the action as a personal restraint petition to be

REPORT AND RECOMMENDATION- 1

1  an illegal act and giving the defendant a short time period to cure the alleged improper filing.  This action
2  followed.
3       Defendant has moved for dismissal and argues quasi-judicial immunity and that this is an
4  improper collateral attack on plaintiff's criminal sentence.  Plaintiff in his response argues he is not
5  challenging the validity of the final order dismissing the personal restraint petition as untimely.  Instead,
6  he argues he is challenging the "conversion" of his habeas corpus action into a personal restraint petition.
7  (Dkt. # 15).

8                                         DISCUSSION

9       The defendant has now raised the affirmative defense of quasi-judicial immunity.  Court clerks
10  have absolute quasi-judicial immunity from damages for civil rights violations when they perform
11  tasks that are an integral part of the judicial process.  Mullis v. United States Bankruptcy Court, 828
12  F.2d 1385, 1390 (9th Cir. 1987).  The same immunity will also bar declaratory and injunctive relief.
13  Id. at 1394.  Executing an order to transfer or file a personal restraint petition in the state Court of
14  Appeals is a task that is an integral part of the judicial process.  Therefore, defendant Ponzoha is
15  immune from suit for damages or injunctive relief.  Plaintiff's argument that the state appellate court
16  lacked jurisdiction is patently frivolous.  Accordingly, this action should be **DISMISSED WITH**
17  **PREJUDICE.**    A proposed order accompanies this Report and Recommendation.
18       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
19  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
20  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
21  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
22  72(b), the clerk is directed to set the matter for consideration on **April 22nd, 2005**, as noted in the
23  caption.

24       DATED this 21st day of March, 2005.
25
26                    s/ Karen L. Strombom
                      Karen L. Strombom
                      United States Magistrate Judge
27
28  REPORT AND RECOMMENDATION- 2